SCHOTT, Chief Judge.
On the state’s application we grant cer-tiorari in order to consider the validity of a judgment of a Magistrate Judge of Crimi *724 nal District Court granting defendant’s motion to suppress evidence.
In February, 1990 during a carnival parade a policeman observed a fight between two individuals in the crowd. He stopped the fight and one participant accused the other, the defendant, of having picked his pocket and taken his wallet. The policeman placed the defendant under arrest for simple robbery, searched him, and found some marijuana and a yellow metal pipe.
Charged with simple robbery (LSA-R.S. 14:65) and possession of marijuana (R.S. 40:966) defendant filed motions for a preliminary examination and to suppress the evidence. After a hearing before a judge of the Criminal District Court, the court found no probable cause on the robbery charge, denied the motion to suppress, and transferred the marijuana charge to the magistrate. Defendant renewed his motion to suppress before the magistrate who granted the motion.
The magistrate seems to have reasoned that since there was no probable cause for the charge of robbery there could be none for defendant’s arrest in the first instance, and, since there was no probable cause for the arrest, it was illegal, and the search pursuant thereto was likewise illegal.
This reasoning is flawed. A police officer may arrest an individual for an offense committed in his presence or when he has reasonable cause to believe that the person to be arrested has committed an offense. C.Cr.P. art. 213. When he saw the defendant fighting the police officer was already authorized to arrest him for assault and battery and disturbing the peace. When defendant was accused of picking the other individual’s pocket and stealing his wallet, the officer had still another legal ground for arresting him. That the court after a preliminary hearing found no probable cause based upon a lack of evidence had no effect on the validity of the arrest. Thus, the magistrate erred in failing to find that the search was valid since it was incidental to a lawful arrest.
Because of the foregoing conclusion it is unnecessary to address the state’s other argument that the judge's denial of the motion to suppress was binding on the magistrate as res judicata or under the law of the case doctrine. However, we question the wisdom of a procedure which allows an inferior judge of a court to conduct a hearing on the same issue which has already been heard and decided by a judge of the court and reach a contrary result based upon a legal theory already rejected by the judge who first heard the motion.
Accordingly, the judgment of the magistrate granting defendant’s motion to suppress is reversed and set aside. The motion is denied and the case is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.